01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD SCOTT,                              )       Case No.  C06-731-TSZ-JPD
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )       ORDER DENYING PLAINTIFF'S
                                            )       MOTION TO SANCTION CLERK
KING COUNTY,                                )
                                            )
                    Defendant.              )
                                            )
_____        )

17      Plaintiff is a civil detainee housed at the Special Commitment Center on McNeil

18 Island.  On May 24, 2006, while held at the King County Correctional Facility, plaintiff filed

19 an application to proceed in forma pauperis ("IFP") together with a 42 U.S.C. § 1983 civil

20 rights complaint.  Dkt. No. 1.  Because plaintiff has a bar order entered against him, the

21 matter was referred to the Chief Judge for review.  Dkt. No. 2.  After the Chief Judge allowed

22 the matter proceed, the Clerk informed plaintiff that he had not completed the proper IFP

23 form  and that a copy of plaintiff's prison trust account was not provided.  Dkt. Nos. 2, 3.

24 This matter comes before the Court upon plaintiff's motion to sanction the Clerk.  Dkt. No. 6.

25 Plaintiff appears to argue that he does not need to complete a prisoner IFP form because he is

26 a civil detainee, not a prisoner.  *Id.*  By separate request, plaintiff also requests summonses

and a copy of his complaint, so that he may effectuate service himself.  Dkt. No. 7.  Having

ORDER
PAGE - 1

01 carefully reviewed the motion and balance of the record, the Court ORDERS as follows:

02        A.   <u>Motion to Sanction Clerk</u>.

03       Plaintiff's motion to sanction the Clerk (Dkt. No. 6) is DENIED.  Plaintiff's motion is

04 wholly without merit.  The Clerk reasonably believed plaintiff was an inmate, likely because

05 he was housed at the King County Jail at the time the complaint and IFP were originally filed.

06 The Clerk's action was therefore an inadvertent error.

07        B.   <u>IFP Application</u>.

08       Plaintiff is reminded that his bar order requires him to fully disclose all financial

09 information requested by the Court in connection with any IFP.  Case No. 04-5521-FDB,

10 Dkt. No. 80.  In this case, plaintiff must complete the proper IFP form or pay the required

11 fee.  The Clerk is directed to send plaintiff an IFP form for pro se non-prisoner litigants.

12 Plaintiff must fully and accurately complete the form, but will not be required to provide

13 copies of his accounts, unless otherwise directed by the Court.  Plaintiff shall have **<u>until</u>**

14 **<u>August 16, 2006</u>**, to submit the completed IFP.  Failure to do so may result in dismissal of

15 this action.

16        C.   <u>Request For Copy of Complaint to Enable Service</u>.

17       Plaintiff has requested summonses and a copy of his complaint in this matter, so that

18 he can effect service on defendants.  Dkt. No. 7.  The Court cannot issue a summons and

19 commence an action until plaintiff first pays the filing fee or is granted IFP status.  *See* Fed.

20 R. Civ. P. 3 and 4.  The Clerk, however, is directed to send a copy of plaintiff's complaint to

21 him at his address of record.  The Clerk is further directed to send a copy of this order to

22 plaintiff and to the Honorable Thomas S. Zilly.

23       DATED this 17th day of July, 2006.

24

25                             *James P. Donohue*

26                        JAMES P. DONOHUE
                       United States Magistrate Judge

ORDER
PAGE - 2