UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD SCOTT, ) | Case No. C06-731-TSZ-JPD |
| Plaintiff, ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| KING COUNTY, et al., ) | |
| Defendant. ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Richard Scott is a detainee housed at the Special Commitment Center on McNeil Island in Steilacoom, Washington, who is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action against King County and the "Jail Superintendent/Director."[1] Plaintiff alleges that he suffered a variety of constitutional violations while being housed in the King County Jail ("Jail") in May 2006. Dkt. No. 16, 30. He seeks monetary damages of $1,500 or $1,600 for each day these actions occurred.

On August 1, 2006, this Court declined to serve plaintiff's complaint because it failed to state a claim upon which relief might be granted under 42 U.S.C. § 1983. Dkt. No. 18.

---

[1] Because of plaintiff's history of abusive litigation, *see* Dkt. No. 14, the Court requires him to litigate pursuant to a special set of procedures. Case No. C04-5574-RBL, Dkt. Nos. 30, 76; *see also* Case No. C06-5172-FDB, Dkt. No. 95. The Chief Judge has allowed this case to proceed. Dkt. No. 3.

REPORT AND RECOMMENDATION
PAGE – 1

01 Accordingly, the Court granted plaintiff leave to amend his complaint, advising that if he chose
02 not to do so, dismissal might result. Dkt. No. 18. Rather than amend his complaint within the
03 time frame stated, plaintiff decided to appeal a miscellaneous aspect of his case to the Ninth
04 Circuit, which was ultimately dismissed for want of jurisdiction. *See Scott v. King County*,
05 Case No. 06-35749. For several months thereafter, plaintiff failed to amend his complaint or
06 otherwise contact the Court. Accordingly, the Court directed plaintiff to show cause why his
07 case should not be dismissed. Dkt. No. 29. Plaintiff has done so by filing an "Amended 1983
08 and Pendent Tort Claim." *See* Dkt. No. 30. However, this most recent filing fails to correct
09 the deficiencies outlined by this Court in its Order Declining to Serve and Granting Leave to
10 Amend. *See* Dkt. No. 18 at 1-2. After careful consideration of the plaintiff's amended
11 complaint, the governing law, and the balance of the record, the Court recommends that
12 plaintiff's amended complaint be DISMISSED without prejudice.

## II.   DISCUSSION

14 Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action if, among
15 other things, it is frivolous or if the complaint fails to state a claim upon which relief can be
16 granted. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th
17 Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*
18 *v. Williams*, 490 U.S. 319, 325 (1989).

19 Rule 8(a) of the Federal Rules of Civil Procedure requires plaintiffs to submit a
20 complaint "which sets forth . . . a short and plain statement of the claim showing that the
21 pleader is entitled to relief." Fed. R. Civ. P. 8(a). In order to state a claim for relief under 42
22 U.S.C. § 1983, a plaintiff must assert that he suffered a violation of rights protected by the
23 Constitution or created by federal statute, and that the violation was proximately caused by a
24 person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418,
25 1420 (9th Cir. 1991); *see also WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999)
26 (en banc). This requires a plaintiff to allege facts showing how the named defendant, as a state

actor, caused or personally participated in causing the harm alleged in the plaintiff's complaint. *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Additionally, although local government units can be sued as a "persons" under § 1983, they cannot be held responsible for the acts of their employees under a theory of *respondeat superior*. *See, e.g.*, *Collins v. City of Hacker Heights*, 503 U.S. 115, 122 (1992); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Rather, a § 1983 plaintiff must demonstrate that the alleged constitutional deprivation was the result of a "policy or custom" of the local government unit. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 690-91.

Plaintiff has failed to meet these standards. Most importantly, plaintiff's amended complaint makes no reference to the new defendant listed in the caption, and provides no short and plain explanation of how that individual, or any other individual, violated certain of plaintiff's constitutional rights. This repeated failure is fatal to plaintiff's case.

Some of plaintiff's complaints—for example, the uncomfortable mattress claim, and the Jail's act of providing rags and spray bottles but not mops, brooms, or toilet brushes—are simply not cognizable under § 1983. Other claims, such as the plaintiff's vague claim that the Jail's public phones and collect calls infringe upon an unspecified constitutional right, have been found deficient by the Ninth Circuit. *See Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam) (concluding no right to a specific phone rate; and noting that any constitutional right to telephone access "is subject to reasonable limitations arising from the legitimate penological and administrative interests of the prison system"); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (rejecting similar claim where plaintiff "did not specify whether the alleged denial of telephone access was total, partial, or even occasional, and did not allege that he was denied access for a specific emergency or call to his lawyer on an occasion when he had a specific need.").

Plaintiff also appears to allege that he is being (or was) denied access to the Jail's law library. This includes vague allegations that he was forced to make advanced requests to use a

REPORT AND RECOMMENDATION
PAGE – 3

01 computer, and was not provided "writing paper or envelopes . . . other than 3 sheets." Dkt.
02 No. 30 at 7, 9. Such complaints are properly construed as a denial of access to the courts. *See*
03 *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (noting that because there is no "abstract,
04 freestanding right to a law library or legal assistance . . . meaningful access to the courts is the
05 touchstone, . . . and the inmate therefore must go one step further and demonstrate that the
06 alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a
07 legal claim"). Plaintiff has failed to meet this standard. To this end, not only has plaintiff filed
08 the present claim, but a docket report reflects that he has filed numerous civil rights lawsuits
09 against many of the same defendants, all of which have been dismissed. *See, e.g.*, *Scott v.
10 Weinberg, et al.*, Case No. C06-5172-FDB, Dkt. No. 95 (declaring plaintiff a vexatious litigant
11 and imposing a pre-filing bar order); *see id.* at 4-8 (listing 45 cases filed by plaintiff in this
12 district); *Scott v. Bailey*, Case No. C06-5173-RBL; *Scott v. Davis*, Case No. C06-1052-MJP;
13 *Scott v. State of Washington*, Case No. C06-462-JCC. Thus, assuming plaintiff's allegations
14 are true, lack of access to a law library has not impeded his ability to file actions in federal
15 court. Indeed, the very fact that this suit is proceeding supports the conclusion that plaintiff is
16 not barred access to the law library under any King County Jail act, policy or custom.

17 Furthermore, although plaintiff names King County as a defendant in the caption of this
18 case, his amended complaint does not refer to what might be considered an unconstitutional
19 "policy or custom" at the King County Jail, the Special Commitment Center, or any other
20 facility. Viewing his amended complaint with more than extreme liberality, it could be
21 construed to include a claim of a policy or custom of unfair internal grievance review by the
22 "Administrator" of the King County Jail. *See* Dkt. No. 30 at 6. That said, the general
23 contours of and exact problem with the grievance mechanism is not stated, nor is it clear what
24 constitutional or statutory right, if any, could be violated by this putative problem. *See Monell*,
25 436 U.S. at 690-91. Such a claim should likewise fail.

26

REPORT AND RECOMMENDATION
PAGE – 4

### III.  CONCLUSION

Plaintiff has failed to allege sufficient facts to state a claim for relief under § 1983. Because of the deficiencies in plaintiff's amended complaint, the Court recommends that this case be DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6). A proposed order of dismissal accompanies this Report and Recommendation. If plaintiff believes that the deficiencies outlined herein can be cured by an additional amendment to his amended complaint, he should lodge a second amended complaint as a part of his objections, if any, to this Report and Recommendation.

DATED this 1st day of February, 2008.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge